Per Curiam
: This is a suit for back pay by a veteran preference eligible who contests his reassignment and demotion in grade on the basis that the Air Force wrongfully failed to abide by the employee qualifications requirement of the Civil Service Commission’s reduction-in-force regulations, contended to be applicable to plaintiff. .The case is before the court on cross-motions for summary judgment,, argument of counsel and the briefs of the parties. .
Plaintiff, until the early summer of 1961 held the title and grade of Supervisory Firefighter (General) GS-9 with the civilian:staffed Fire Protection and’ Aircraft Rescue Branch at Mitchell Air Force Base, New York. In April 1961, he.received notice from the Air Force that his position was to be abolished by reduction-in-force'effective June 25, 1961: '.On or about the same time, the Air Force gave similar notice fb all other Fire Department employees at the base *1015 of their forthcoming separation'by rednction-in-force. The reason for the reduction-in-force was the deactivation of Mitchell Air Force Base. The Base Fire Department’s authorized strength was reduced from 55 to 14 positions, and the.new force was given the added duty of affording security as well as fire protection. The Air Force decided that fire department personnel, to the extent possible, be- reassigned to staff the 14-man caretaker force. On ■ June 23,1961, plaintiff was given the option of accepting a reassignment t,o the caretaker force, in the position of Firefighter (Structural) at the reduced grade of GS-4, rather than face an outright separation. Plaintiff agreed to the change “under protest’’, pending appeal to the Civil Service Commission.. On June 26, 1961, with the abolition of the Fire Protection Aircraft Fescue Branch, plaintiff was officially reassigned to the new GS-4 position. Thirteen of his co-workers also received reassignment to the caretaker force while the remainder were separated. While plaintiff underwent a 5-step grade reduction by virtue of this reassignment, two pf Ms former subordinates, who were in the same tenure group and subgroup as plaintiff, but had a longer duration of Federal service than he, succeeded on the basis of their longer service to two newly created positions of Supervisory Firefighter (Structural) GS-6 from their previous positions of Supervisory Firefighter (General), also GS-6. These two were thus retained in grade, thereby becoming superior to plaintiff in his lower grade.
Plaintiff appealed to the Civil Service Commission and there, as here, contended that the two fellow employees were improperly retained in the GS-6 grade status while he underwent an unjustified 5-grade demotion and that he should have been named to one of the positions of Supervisory Firefighter (Structural) GS-6 positions before either of these two men on the basis of allegedly superior qualifications. After a hearing, the Second Regional Office of the Civil Service Commission denied plaintiff’s appeal and subsequently the Commission’s Board of Appeals and Review affirmed the decision of the Secpnd Regional Office. Plaintiff thereupon filed suit in tMs court.
*1016 The court is of the opinion that plaintiff is not entitled to recover. The Air Force committed no infraction of the reduction-in-force regulations in making the reassignment since plaintiff was in the same subgroup as the two men retained at GS-6 status and had a lower retention standing than they, thus making the matter of plaintiff’s contended superior qualifications immaterial under the regulations. Plaintiff, not being otherwise entitled to preference over them, there was no need for the Air Force to consider plaintiff’s comparative qualifications. The regulations do not provide for a weighing of comparative qualifications in these circumstances.
Plaintiff’s motion for summary judgment is denied, defendant’s cross-motion is granted and plaintiff’s petition is dismissed.